

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN II, TEXAS

WILL WILSON
ATTORNEY GENERAL

April 23, 1957

Hon. R. E. Swift
County Attorney
Anderson County
Palestine, Texas

Opinion No. WW-107

Re: Does the tax collector for a
school district have the authority
to waive delinquent taxes?

Dear Mr. Swift:

You request the opinion of this office upon the question presented in your letter of April 3, 1957, which is as follows:

"I would like an opinion on the question herein set forth:

"Article 7298, R.C.S. provides that no delinquent taxpayer shall have the right to plead in any court or in any manner rely upon any Statute of Limitation by way of defense against the payment of taxes due from him or her to the State, *****School District or other taxing authority, provided that this law is not applied to collection of delinquent school taxes assessed prior to July 1, 1941*****. In view of this statute, when a taxpayer has delinquent school taxes prior to 1941, and desires that these school taxes be eliminated so that he does not have to pay same, is it necessary that a suit be filed and allow the taxpayer to plead this Statute of Limitation, or can the tax collector simply collect all the taxes due except for the delinquent school taxes prior to 1941 and issue him a valid receipt for payment in full of all taxes that are due?

"The fact situation confronting me that requires an opinion on this matter is as follows: There are over one hundred heirs that own a piece of property. These taxes will be paid by the heirs living here if the school taxes due prior to 1941 can be eliminated. However, if it is necessary to file a suit, the cost of citation to all of these heirs, both personal and by publication, will be so great that it would be useless to do it.

"I can find no authority on this question, but a reasonable construction of the statute would seem to allow the tax collector to simply forego the school taxes prior to 1941 without the necessity of a tax suit."

Article 7298, Vernon's Civil Statutes, is a limitation statute and nothing more. In an appropriate case it is available to the taxpayer and the landowner as a defense in a delinquent tax suit but must be pleaded and proven. Sam Bassett Lumber Company v. City of Houston, 145 Tex. 492, 198 S.W.2d 879. In this case the court said:

"... That is true, if for no other reason, simply because such limitation statutes do not release or extinguish the debt, but merely affect the remedy when its enforcement is sought. Goldfrank, Frank & Co. v. Young, 64 Tex. 432; Limestone County v. Robbins, 120 Tex. 341, 38 S.W.2d 580; Central Nat. Bank v. Latham & Co., Tex.Civ.App., 22 S.W.2d 765, writ refused; 37 C.J. 698, Sec. 18."

The duties and powers of tax collectors are derived from the Constitution and statutes and such as may be reasonably inferred therefrom. Their duties pertaining to the collection of taxes, whether current or delinquent, are purely ministerial. They have no discretion such as forgiving or ignoring the collection of taxes lawfully assessed. Only the courts are empowered to enforce statutes of limitation such as provided in Article 7298, V.C.S. It is true that the Legislature has the power to forgive delinquent taxes which have been due for a period of at least ten years (Section 55, Article III of the Constitution). As a corollary to this the Legislature would have the authority to forgive penalty and interest on delinquent taxes by general law even though less than ten years past due, because they do not constitute a part of the tax, but the tax collector is without authority to release or ignore the collection of accrued penalty and interest on delinquent taxes. Jones v. Williams, 121 Tex. 94, 45 S.W.2d 130 (1931).

You are, therefore, respectfully advised that neither the tax collector nor any other county, State or official of any taxing district has any authority to forgive or ignore taxes lawfully assessed against any taxpayer or his property or the statutory accrued penalty and interest.

## SUMMARY

The tax collector has no authority or power to forgive or forego the collection of taxes lawfully assessed and only a court may enforce

statutes of limitation such as Article 7298, V.C.S., and to be available must be pleaded and proven. Penalty and interest on delinquent taxes may not be waived or released by the tax collector.

Yours very truly,

WILL WILSON
Attorney General

By *L. P. Lollar*
L. P. Lollar
Assistant

LPL:cs

APPROVED:

OPINION COMMITTEE
H. Grady Chandler, Chairman

John Ross Lennan

William E. Allen

J. C. Davis, Jr.

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Geo. P. Blackburn